UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROBERT DEMOS,

        Petitioner,

v.                                        CASE NO. 13-10138
                                         HONORABLE VICTORIA A. ROBERTS

PRESIDENT BARACK OBAMA, *et al.*,

        Respondents.
_____/

## ORDER OF DISMISSAL

Petitioner John Robert Demos is a prisoner at Clallam Bay Correctional Center in Clallam Bay, Washington. On January 14, 2013, Petitioner filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Respondents are President Barack Obama and the following individuals identified only by title: the United States Secretary of Defense; the United States Secretary of State; the United States Attorney General; and the United States Treasury Secretary. The habeas petition challenges a 1972 or 1974 military court conviction for assault and robbery. Petitioner alleges that (1) he was convicted under United States military law, but sentenced under state law, (2) he had a right to be tried in the state or district where the crime was committed, (3) he was asked to make an advance payment of money to guarantee that he would receive a fair trial, and (4) his right to freedom of speech was abridged.

On January 18, 2013, United States Magistrate Judge R. Steven Whalen ordered Petitioner to pay the $5.00 filing fee or to submit an application for leave to proceed *in forma pauperis* within twenty-one days. To date, Petitioner has not responded to the Magistrate Judge's order.

The authority of a federal trial court to dismiss an action for failure to prosecute "cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (footnote omitted).  Under Federal Rule of Civil Procedure 41(b), District Courts may dismiss a case not only for failure to prosecute, but also for failure to comply with any order of the court.  *Schafer v. Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008).  In addition, this Court's Local Rules provide that, "when it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown."  Local Rule 41.2 (E.D. Mich. Mar. 2, 1998).

More than twenty-one days have expired since the Magistrate Judge issued his deficiency order in this case.  During that time, Petitioner took no action and failed to show an interest in this case.  He did not pay the filing fee, file an application for leave to proceed *in forma pauperis*, or communicate with the Court.  Furthermore, the Magistrate Judge notified Petitioner on January 18, 2013, that failure to comply with his order could result in the dismissal of this action.

Under the circumstances, a dismissal is appropriate.  Accordingly, the petition for writ of habeas corpus, Doc. #1, filed January 14, 2013, is **DISMISSED** without prejudice for failure to prosecute and for failure to comply with the Magistrate Judge's order.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
Dated:  March 5, 2013             United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record and John Robert Demos by electronic means or U.S. Mail on March 5, 2013.

S/Carol A. Pinegar
Deputy Clerk